IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| LUCAS SCHNEIDER,<br><br>        Plaintiff,<br><br>        v.<br><br>JOSHUA KINDRED, et al.,<br><br>        Defendants. | Case No. 3:24-cv-00106-SLG |

## **SCREENING ORDER**

On May 13, 2024, Lucas Schneider ("Plaintiff"), a self-represented litigant, filed a civil complaint ("Complaint"), a civil cover sheet, and an application to waive payment of the filing fee.[1] Plaintiff has filed an action under 42 U.S.C. § 1983 ("Section 1983"). He alleges that his due process rights and "right to life" have been violated by Federal Judge Joshua Kindred and Alaska State Judge Mariana Carpeneti.[2] For relief, Plaintiff seeks an unknown amount of damages, $5,000,000.00 in punitive damages, an order requiring defendants to "stop denying me due process," and a declaration that he has "a right to life."[3]

---

[1] Dockets 1, 2, 3.

[2] *See* Dockets 1, 2.

[3] Docket 1 at 6–7.

## I. SCREENING REQUIREMENT

Federal law requires a district court to conduct an initial screening of a civil complaint filed by a self-represented litigant seeking to proceed in a lawsuit in federal court without paying the filing fee. In this screening, a court shall dismiss the case at any time if the court determines that the action:

(1) is frivolous or malicious;

(2) fails to state a claim on which relief may be granted; or

(3) seeks monetary relief against a defendant who is immune from such relief.[4]

In conducting its review, a court must liberally construe a self-represented plaintiff's pleading and give the plaintiff the benefit of the doubt.[5] To determine whether a complaint states a valid claim for relief, a district court considers whether the complaint contains sufficient factual matter that, if accepted as true, "state[s] a claim to relief that is plausible on its face."[6]

Before a court may dismiss any portion of a complaint for failure to state a claim upon which relief may be granted, the court must provide the plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend or otherwise address the

---

[4] 28 U.S.C. § 1915(e)(2).

[5] *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

[6] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In making this determination, a court may consider "materials that are submitted with and attached to the Complaint." *United States v. Corinthian Colls.*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee v. City of Los Angeles,* 250 F.3d 668, 688 (9th Cir. 2001)).

Case No. 3:24-cv-00106-SLG, *Schneider v. Kindred, et al.*
Screening Order
Page 2 of 6
Case 3:24-cv-00106-SLG   Document 4   Filed 05/29/24   Page 2 of 6

problems, unless to do so would be futile.[7]   Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency[.]"[8]

## II.     DISCUSSION

Plaintiff brings his claims under Section 1983, the federal civil rights statute. Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights.[9]   To state a claim under Section 1983, a plaintiff must allege both (1) a deprivation of a right secured by the Constitution or created by federal statute, and (2) that the deprivation was committed by a person acting under color of state law.[10]

Certain persons are immune from suit in an action brought under Section 1983. Relevant here, "[j]udges and those performing judge-like functions are absolutely immune from damage liability for acts performed in their official capacities."[11]   Judicial immunity also "extends to preclude prospective injunctive relief against a state court judge for acts or omissions made in that judge's official capacity."[12]  "Judicial immunity applies 'however erroneous the [judge's] act may have been, and however injurious in its consequences it

---

[7] *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

[8] *See Schreiber Dist. Co. v. Serv-Well Furniture Co.,* 806 F.2d 1393, 1401 (9th Cir. 1986).

[9] *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001).

[10] *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012); *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

[11] *Ashelman v. Pope*, 793 F.2d 1072, 1075-76 (9th Cir. 1986) (en banc) (citations omitted).

[12] *Sheakley v. Van de Mark*, No. 3:18-cv-272-SLG, 2019 WL 1119632, at *2 (D. Alaska Mar. 11, 2019).

Case No. 3:24-cv-00106-SLG, *Schneider v. Kindred, et al.*
Screening Order
Page 3 of 6
Case 3:24-cv-00106-SLG   Document 4   Filed 05/29/24   Page 3 of 6

may have proved to the [p]laintiff.'"[13] Judicial immunity cannot be "overcome by allegations of bad faith or malice";[14] rather, it applies "even when the judge is accused of acting maliciously and corruptly."[15] "A judge loses absolute immunity only when [the judge] acts in the clear absence of all jurisdiction or performs an act that is not judicial in nature."[16]

Here, Plaintiff alleges that Judge Kindred and Judge Carpeneti violated his constitutional due process rights through their judicial acts.[17] Plaintiff's claims are not new to the federal court. While the instant Complaint includes allegations of recent harms incurred since Plaintiff was released from prison, his claims all relate to the same theory of an ongoing conspiracy by the Government and other unnamed government actors.[18] The Court takes judicial notice of the previous lawsuits filed by Plaintiff.[19] In the instant case, Plaintiff alleges that he has "shown evidence of my medical problems that are consistent with my claims" and that Judge Kindred "abuse[d] his authority" by denying

---

[13] *Ashelman*, 793 F.2d at 1075 (quoting *Cleavinger v. Saxner*, 474 U.S. 193, 199–200 (1985)).

[14] *Mireles v. Waco*, 502 U.S. 9, 11 (1991).

[15] *Id.* (quoting *Pierson v. Ray*, 386 U.S. 547, 554 (1967)).

[16] *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam), *cert. denied*, 488 U.S. 995 (1988).

[17] Docket 1 at 3–4.

[18] *See, e.g., Schneider v. Winkelman, et al.,* Case No. 3:22-cv-00284-JMK, Docket 13 (denying Plaintiff's motion to add unnamed federal authorities—allegedly involved in a conspiracy to conduct medical experimentation, prevent him from accessing medical care, and assist the state criminal courts in violating his rights—as defendants in his case).

[19] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." BLACK'S LAW DICTIONARY (11th ed. 2019); a court can take judicial notice of its own files and records. Fed. R. Evid. 201.

Plaintiff "a day in court."[20]  He alleges that Judge Carpeneti "refuses to answer motions from 2022 and 2023 about due process, double Jeopardy, unlawful imprisonment, denial of medical attention and my sentencing Rule 11 agreement."  Plaintiff also disagrees with Judge Carpeneti's sentencing decisions.[21]

However, both judges are immune from suit based on statements, orders, or decisions they issued as judicial officers acting in their official capacities.  Judicial immunity applies irrespective of whether Plaintiff alleges that the judges acted erroneously, in bad faith, or even maliciously.  Thus, Plaintiff's claims against Judges Kindred and Carpeneti are deficient because these defendants cannot be liable in a civil rights suit for acts undertaken while exercising their judicial function.  Moreover, due to the nature of this deficiency, amendment of Plaintiff's claims would be futile.[22]

### III.    CONCLUSION

Plaintiff's Complaint fails to state a claim upon which relief may be granted because it seeks relief against defendants who are absolutely immune from suit for their alleged acts.  Furthermore, amendment of the Complaint would be futile.  Therefore, Plaintiff's Complaint is **DISMISSED with prejudice.**

---

[20] Docket 1 at 3.

[21] Docket 1 at 4.

[22] *See Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988), *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (explaining that amendment is futile "only if no set of facts can be proved under [an] amendment to the pleadings that would constitute a valid and sufficient claim").

Case No. 3:24-cv-00106-SLG, *Schneider v. Kindred, et al.*
Screening Order
Page 5 of 6
Case 3:24-cv-00106-SLG   Document 4   Filed 05/29/24   Page 5 of 6

**IT IS ORDERED:**

1. This action is **DISMISSED with prejudice.**

2. All pending motions are **DENIED as moot.**

3. The Clerk of Court shall issue a final judgment.

DATED this 29th day of May 2024, at Anchorage, Alaska.

                                      */s/ Sharon L. Gleason*
                                      UNITED STATES DISTRICT JUDGE